# EXHIBIT

# 1

4/16/2026 5:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113767319
By: Julio Garcia
Filed: 4/16/2026 5:21 PM

2026-25657 / Court: 164

CAUSE NO. __________________

| | | |
|---|---|---|
| HOUSTON IN PATIENT PHYSICIAN ASSOCIATES, PLLC<br>*Plaintiff*, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | OF HARRIS COUNTY TEXAS |
| AETNA LIFE INSURANCE COMPANY<br>*Defendant*. | §<br>§ | ___ JUDICIAL DISTRICT COURT |

Unofficial Copy Office of Marilyn Burgess District Clerk

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, HOUSTON IN PATIENT PHYSICIAN ASSOCIATES, PLLC ("Plaintiff" or "HIPPA") and files its *Plaintiff's Original Petition* complaining of AETNA LIFE INSURANCE COMPANY ("Defendant" or "AETNA") and would respectfully show unto the Court as follows:

**I.**

**Discovery Level**

1. Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the TRCP.

**II.**

**Parties**

2. Plaintiff HOUSTON IN PATIENT PHYSICIAN ASSOCIATES PLLC is a limited liability company conducting business in Harris County, Texas.

3. Defendant Aetna Life Insurance Company ("Aetna") is a foreign business entity licensed to operate in Texas. It may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## Jurisdiction & Venue

4. The Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

5. Venue is proper in Harris County, Texas because the Defendant operates in Harris County, Texas, and the events at issue in this cause occurred, in whole or in part, in Harris County, Texas.

## IV.

## Background

6. Plaintiff is a healthcare provider that rendered medical services to patients covered under health benefit plans administered and/or insured by Defendant.

7. Defendant issued multiple checks payable to Plaintiff in connection with those services.

8. Between January 1, 2024 and December 31, 2025, Defendant issued checks totaling at least $163,617.00 intended for Plaintiff.

9. These checks were negotiated by an unauthorized third party and deposited into a bank account that does not belong to Plaintiff and with which Plaintiff has no affiliation.

10. Plaintiff did not endorse, authorize, or otherwise permit negotiation of these checks.

11. Upon information and belief, at least some of these checks were negotiated through Amegy Bank, where Plaintiff has never maintained an account.

12. Plaintiff has repeatedly notified Defendant of the improper negotiation and requested investigation, documentation, and reissuance.

Unofficial Copy Office of Marilyn Burgess District Clerk

13. Defendant has failed and refused to properly investigate, provide complete information, or reissue the misappropriated funds.

14. Plaintiff has suffered damages of at least $163,617.00 as a result.

**V.**

**First Cause of Action: Breach of Contract**

15. Plaintiff reasserts all previous paragraphs as if fully restated herein.

16. Plaintiff and Defendant entered into one or more valid and enforceable contracts, including provider agreements and/or obligations arising under health benefit plans administered by Defendant.

17. Under those agreements, Defendant was obligated to properly pay Plaintiff for covered medical services.

18. Defendant breached the contract by, among other things:

a. Failing to ensure payment was made to Plaintiff;

b. Issuing payments that were not received by Plaintiff;

c. Failing to reissue payments after notice of improper negotiation; and

d. Failing to comply with payment obligations under the agreements.

19. Defendant's breaches proximately caused Plaintiff's damages..

**VI.**

**Second Cause of Action: Negligence**

20. Plaintiff incorporates all previous paragraphs as if fully restated herein.

21. Defendant owed Plaintiff a duty to exercise reasonable care in issuing and processing payments for healthcare claims.

22. Defendant breached that duty by:

Unofficial Copy Office of Marilyn Burgess District Clerk

a. Failing to implement reasonable safeguards to ensure payments reached the proper payee;

b. Allowing checks to be negotiated without proper verification;

c. Failing to timely investigate reported fraud; and

d. Failing to correct known payment errors.

23. Defendant's negligence proximately caused Plaintiff's damages.

**VII.**

**Third Cause of Action: Violations of Texas Prompt Payment of Claims Act**

24. Plaintiff reasserts all previous paragraphs as if fully restated herein.

25. Defendant is an insurer subject to the Texas Prompt Payment of Claims Act, Texas Insurance Code Chapter 542.

26. Plaintiff submitted clean claims for covered services.

27. Defendant failed to timely and properly pay those claims in accordance with statutory requirements.

28. Defendant further failed to timely cure underpayments and nonpayments after receiving notice.

29. As a result, Defendant is liable for:

a. Statutory interest penalties;

b. Attorney's fees; and

**c.** All other remedies available under the statute.

Unofficial Copy Office of Marilyn Burgess District Clerk

**VIII.**

**Interest**

30. Plaintiff seeks pre-judgment and post judgment interest in the maximum amount allowed by law.

31. Pursuant to Texas Insurance Code § 542.060, Defendant is liable for interest on the amount of the claim at the rate of eighteen percent (18%) per year, calculated as simple interest.

**IX.**

**Conditions Precedent**

32. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

**X.**

**Rule 47 Statement**

33. Plaintiff seeks monetary relief over $100,000 but not more than $1,000,000.

**PRAYER**

For these reasons, Plaintiff asks that Plaintiff be awarded judgment against the Defendant, for the following:

a. Actual damages;

b. Statutory penalties and interest at 18% per annum;

c. Attorney's fees;

d. Pre-judgment and post judgment interest;

e. Court costs; and

f. All other relief to which Plaintiff is justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

By: /s/ *Kevin M. Madden*
Kevin M. Madden
State Bar No. 24041376
16310 State Highway 249, Unit 1304
Houston, Texas 77064
281-888-9681 Telephone
832-538-0937 Facsimile
Email: kmm@kmaddenlaw.com
***ATTORNEY FOR PLAINTIFF***

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kevin Madden
Bar No. 24041376
kmm@kmaddenlaw.com
Envelope ID: 113767319
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 4/17/2026 8:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kevin M.Madden | | kmm@kmaddenlaw.com | 4/16/2026 5:21:22 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk